IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE MUNICIPAL ELECTRIC UTILITY OF THE CITY OF CEDAR FALLS, IOWA, <br><br>Plaintiff,<br><br>vs.<br><br>MIRON CONSTRUCTION CO., INC., and CONTINENTAL CASUALTY COMPANY d/b/a CNA SURETY,<br><br>Defendants. | No. C13-2080 <br><br> ORDER SETTING DEADLINE TO RESPOND |

This matter comes before the Court on the Request for Expedited Rule 16 Telephonic Scheduling Conference (docket number 14) filed by the Defendants on December 12, 2013, and the Response (docket number 15) filed by the Plaintiff on December 16. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

On November 8, Plaintiff Board of Trustees of the Municipal Electric Utility of the City of Cedar Falls, Iowa ("CFU") filed a petition in state court, asking that judgment enter on an arbitration award recently returned by a panel of the American Arbitration Association. Defendants Miron Construction Co., Inc. ("Miron") and Continental Casualty Co. ("CNA") removed the action to this court on December 3. On December 9, Miron and CNA filed an answer to the petition, denying that CFU is entitled to relief, and stating that they intend to file a motion to "vacate, modify, or correct" the arbitration award.

Meanwhile, on December 6, CFU filed a "motion to confirm arbitration award," (docket number 12) and requested expedited relief. Stating that oral argument is unnecessary, CFU asks the Court to enter judgment against Miron and CNA in the amount of $3,419,697.29. CFU also seeks interest, attorney's fees, costs, and "other relief that is just and appropriate." CFU asserts that "[b]ecause a motion to confirm an arbitration award is a dispositive motion, compliance with Local Rule 7(*l*) is not required."

On December 12, Miron and CNA filed the instant request for an expedited telephonic scheduling conference to establish the deadline on which they are required to respond to CFU's motion to confirm the arbitration award. Defendants assert that because CFU's motion is dispositive, they have 21 days in which to respond, pursuant to Local Rule 56, plus an additional 3 days pursuant to Local Rule 6. CFU argues that Local Rule 56, by its terms, applies only to motions for "summary judgment." That is, CFU argues that the 21 days provided in Rule 56 does not apply to all dispositive motions. In any event, Defendants ask that the deadline be extended to January 13, 2014, citing counsel's busy schedule.

While CFU's "motion to confirm arbitration award" is not entitled a motion for summary judgment, it is apparently intended to serve as its functional equivalent. CFU concedes that it is a "dispositive motion," and asks that judgment enter summarily. After considering all of the circumstances, the Court concludes that Defendants should be given until December 30 in which to respond to CFU's dispositive motion. Defendants' request for an extension to January 13 is denied.

## ORDER

IT IS THEREFORE ORDERED that Defendants' Request for Expedited Conference (docket number 14) is **GRANTED in part** and **DENIED in part** as follows:

Defendants must respond to CFU's motion to confirm arbitration award not later than **December 30, 2013**. Defendants' request for an extension beyond that date is denied.

DATED this 16th day of December, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA