# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE MUNICIPAL ELECTRIC UTILITY OF THE CITY OF CEDAR FALLS, IOWA, <br><br> Plaintiff, <br><br> vs. <br><br> MIRON CONSTRUCTION CO., INC. and CONTINENTAL CASUALTY CO., <br><br> Defendants. <br> _____ <br><br> MIRON CONSTRUCTION CO., INC. and CONTINENTAL CASUALTY CO., <br><br> Counter Claimants, <br><br> vs. <br><br> BOARD OF TRUSTEES OF THE MUNICIPAL ELECTRIC UTILITY OF THE CITY OF CEDAR FALLS, IOWA. <br><br> Counter Defendant. | No. 13-CV-2080-LRR <br><br> **ORDER** |

The matter before the court is Defendants and Counter Claimants Miron Construction Co., Inc. ("Miron") and Continental Casualty Company's ("CNA") "Expedited Motion to Stay Execution of Judgment Pending Appeal and to Approve

Proposed Supersedeas Bond" ("Motion") (docket no. 41). On February 26, 2014, the court issued an Order granting in part the Board of Trustees of the Municipal Electric Utility of the City of Cedar Falls, Iowa's ("CFU") "Motion to Confirm Arbitration Award" (docket no. 12) and denying Miron and CNA's "Motion to Vacate" (docket no. 19). *See* February 26, 2014 Order (docket no. 26) at 27-29. On that same date, the Clerk of Court entered judgment in favor of CFU and against Miron and CNA in the amount of $3,419,697.29; in favor of CFU and against Miron and CNA in the amount of $274,053.17; in favor of CFU and against Miron and CNA in the amount of $33,439.73; and in favor of Miron and CNA and against CFU in the amount of $420,872.96. Judgment (docket no. 27). On March 14, 2014, CFU filed an "Application for Writ of Specific Execution" ("Application") (docket no. 29). On March 27, 2014, Miron and CNA filed a Notice of Appeal (docket no. 36) of the February 26, 2014 Order and Judgment. On March 31, 2014, Miron and CNA filed the Motion. Miron and CNA attached a Proposed Order (docket no. 41-3) to the Motion. On April 17, 2014, CFU filed a Response to the Motion ("Resistance") (docket no. 43). On April 28, 2014, Miron and CNA filed a Reply (docket no. 44).

In the Application, CFU requests that the court "issue a Writ of Specific Execution directing the Sheriff of Linn County to execute on [CNA's] personal property and turn over the proceeds to the Clerk of Court . . . to be applied towards the judgment entered in this case." Application at 2. In the Motion, Miron and CNA request that the court stay the execution of the Judgment and approve the "proposed supersedeas bond by Miron as principal from surety Fidelity and Deposit Company of Maryland." Motion at 1. *See* Proposed Supersedeas Bond (docket no. 41-2). Miron and CNA contend that, because they have appealed the Judgment entered against them in this case, "they are entitled to a stay of execution of the Judgment as a matter of right." Brief in Support of the Motion (docket no. 41-1) at 2. In addition, Miron and CNA contend that the Proposed Supersedeas

Bond "complies with the requirements of Federal Rule of Civil Procedure 62(d)" and, because it is in the amount of $3,750,000 million, "is more than sufficient to satisfy the Judgment and any additional interest or costs CFU may accrue while the appeal is pending." *Id.* at 3.

In the Resistance, CFU contends that the Proposed Supersedeas Bond is defective because: (1) CNA is not listed as a principal on the bond and, thus, the bond only obligates Miron to pay the Judgment, and not Miron and CNA both; (2) the bond includes no obligation to pay interest or damages for delay; (3) the bond includes no provision concerning the obligation on the bond in the event that the appeal is dismissed; and (4) the bond includes no provision concerning the obligation on the bond if the Judgment were to be modified. CFU requests that the court modify the form of the bond to conform to Form 12—Supersedeas Bond (Surety) of the United States Court of Federal Claims (docket no. 43-1). In addition, CFU requests several modifications to the Proposed Order, including: (1) the addition of a provision requiring the submission of a power of attorney for the surety; (2) a statement that the stay and supersedeas bond comply with Federal Rule of Civil Procedure 62(d) and that the surety is obligated as set forth in Federal Rule of Civil Procedure 65.1; and (3) the deletion of Miron and CNA's proposed language, which states:

> If the Judgment appealed by Miron and CNA is affirmed, in whole or in part, and if Miron as principal or CNA shall fully comply with all of the monetary judgments specified in the Judgment, to the extent affirmed, and if Miron as principal or CNA shall fully satisfy any obligations for costs as may be taxed against it by either this court or the United States Court of Appeals for the Eighth Circuit, then the Supersedeas Bond shall be null and void. If the Judgment is reversed, vacated or otherwise set aside, such that Miron and CNA are no longer obligated to pay the monetary amounts specified in the Judgment, then the Supersedeas Bond shall be null and void.

Proposed Order at 1-2. CFU contends that the above-quoted language should be included in the Proposed Supersedeas Bond, rather than the court's order.

3

In the Reply, Miron and CNA argue that CNA does not have to be listed as a principal on the bond because CNA is obligated "under a Performance Bond in the amount of $3.35 million, which Miron procured from CNA on or about August 10, 2006 to cover the construction project underlying this proceeding." Reply at 2. Next, Miron and CNA contend that CFU's argument that the Proposed Supersedeas Bond is defective because it does not contain language requiring Miron and CNA to pay damages for delay in the event that the Judgment is affirmed on appeal is without merit because CFU has not alleged that it will suffer damages for delay as a result of Miron and CNA's appeal, and in any event, the amount of the Proposed Supersedeas Bond is sufficient to cover any such damages. Finally, Miron and CNA contend that the modifications to the Proposed Order that CFU requests are "unnecessary." *Id.* at 4. However, Miron and CNA do not object to omitting the above-quoted language from the Proposed Order and including it in the supersedeas bond, and they attached an Amended Proposed Supersedeas Bond (docket no. 44-1) to the Reply including such language. Miron and CNA further state that such language is necessary "to clarify that the supersedeas bond will be extinguished upon payment by *either* Miron or CNA." *Id.*

Federal Rule of Civil Procedure 65.1 provides that:

> Whenever these rules . . . require or allow a party to give security, and security is given through a bond . . . , each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on a motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Fed. R. Civ. P. 65.1. In addition, Federal Rule of Civil Procedure 62(d) provides that:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing

>the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). Accordingly, in this case, Miron and CNA are entitled to a stay as a matter of right in light of the pending appeal of the Judgment. *See Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theaters, Inc.*, 87 S. Ct. 1, 2 (1966) ("With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with [Federal Rule of Civil Procedure] 62(d) . . . .").

The Amended Proposed Supersedeas Bond is in the amount of $3,750,000, which is sufficient to satisfy the Judgment and any additional interest or costs that may accrue over the course of the appeal. Furthermore, the court finds that, because the Amended Proposed Supersedeas Bond is sufficient to satisfy the entire Judgment and the Judgment states that Miron and CNA are jointly and severally liable for the same damages to CFU, there is no reason to require the Amended Proposed Supersedeas Bond to list both Miron and CNA as principals. However, the court finds that the Amended Proposed Supersedeas Bond should be modified to reflect that Miron and CNA will pay all monetary judgments specified in the Judgment, not only if the Judgment is affirmed, but also in the event that the appeal is dismissed or that the Judgment is modified.[1] Additionally, the court finds that it need not grant CFU's request for a power of attorney to verify that the signatory has the authority to bind Fidelity and Deposit Company of Maryland. Nonetheless, consistent with Form 12—Supersedeas Bond (Surety) of the United States Court of Federal Claims, the Amended Proposed Supersedeas Bond should be modified to include the name, title and contact

---

[1] The court notes that the language in the Amended Proposed Supersedeas Bond that Miron and CNA will pay "the [J]udgment or any part of the [J]udgment as affirmed by the" Eighth Circuit indicates that they will pay the Judgment in the event that it is modified. Amended Proposed Supersedeas Bond at 2. Nonetheless, the court finds it appropriate to clarify the language, pursuant to CFU's request.

information for the attorney-in-fact, or the person who has the authority to bind Fidelity and Deposit Company of Maryland.

In light of the foregoing, the court **RESERVES RULING** on the Motion. Miron and CNA are **DIRECTED** to file a revised Amended Proposed Supersedeas Bond to state: (1) that they will pay the Judgment, not only if the Judgment is affirmed, but also in the event that the appeal is dismissed or that the Judgment is modified; and (2) the name, title and contact information for the attorney-in-fact, or the person who has the authority to bind Fidelity and Deposit Company of Maryland, by **Monday, May 5, 2014**.[2]

**IT IS SO ORDERED.**

**DATED** this 30th day of April, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court notes an inconsistency in the Amended Proposed Supersedeas Bond. The Amended Proposed Supersedeas Bond provides that Fidelity and Deposit Company of Maryland is the surety. Amended Proposed Supersedeas Bond at 1. However, the Amended Proposed Supersedeas Bond later states that "Miron . . . , as principal or CNA as surety." *Id.* at 2. Miron and CNA should address this inconsistency before submitting their final revised version.